UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA,       )
                                )
                                )     DOCKET NO: 21-cr-10348-FDS
       v.                       )
                                )
RAYMOND GAINES                  )
                                )
_____)

**DEFENDANT'S RESPONSE TO GOVERNMENTS SENTENCING MEMORANDUM**

In the Government's sentencing memo, the AUSA was quick to call Gaines a gang member with the undoubted intention of justifying a higher sentence. Gaines submits this reply in response to that allegation.

Gaines's present case does not allege gang involvement. There is no mention in the abbreviated PSR prepared for this case of involvement in gangs. However, allegations of gang involvement were pervasive in his 2017 federal case and evidence that claimed to support this assertion were including in the PSR for that case. Because the probation department prepared an abbreviated PSR for this case, at the request of Gaines, the 2017 PSR has been provided to the Court and all parties.

Gaines is not a member of the Orchard Park Trailblazers. He grew up in Orchard Park and his friends are people who also grew up in Orchard Park. Prior to their passing, most of his family lived in or near Orchard Park, and many of his childhood friends still live in that area. In the PSR for his 2017 case, it was noted that Gaines was frequently seen in the company of several men who were believed to be members of the Orchard Park Trailblazers.[1] One individual named in the PSR as a gang member is Keon Smith, who is Gaines's lifelong best friend. Both

---

[1] Gaines fraternizing with suspected gang members was information provided by the Government to the probation department based on Boston Police Department reports, including Field Interrogation and Observation report (FIOs).

men are the godfathers to each other's sons. Gaines's son is named after Smith. The other men mentioned in the PSR, are also Gaines's friends since childhood. Gaines, like many people uninvolved in gangs, chose to spend time with other men who live or used to live in the area where he grew up. This should not be regarded as credible evidence of gang-involvement.

The 2017 PSR also includes a conclusory statement that the Boston Regional Intelligence Center has verified Mr. Gaines's involvement in the Orchard Park Trailblazers. Very recently, in *Diaz Ortiz v. Garland*, the US Court of Appeals sitting *en banc* overturned an immigration court order that relied heavily on BPD's Gang Database, calling the database "flawed" insofar as it relies on "an erratic point system built on unsubstantiated inferences." No. 19-1620 (January 10, 2022). In fact, the Court was "shocked" by the activities that could lead one to be entered into the database, saying,

> Most significantly, the record contains no explanation of the basis for the point system employed by the BPD. The record is silent on how the Department determined what point values should attach to what conduct, or what point threshold is reasonable to reliably establish gang membership. That silence is so consequential because, during the period relevant to this case, the list of "items or activities" that could lead to "verification for entry into the Gang Assessment Database" was shockingly wide-ranging.

*Id.* at 36. The Court noted the heavy reliance on field observations reports of association with suspected gang members, with no allegations of criminal misconduct, in the database's point system.

> The 2017 form for submitting FIO reports to the database states that a "Documented Association" includes virtually any interaction with someone identified as a gang member: "[w]alking, eating, recreating, communicating, or otherwise associating with confirmed gang confirmed gang members or associates.

*Id.* at 36-37.

The Court went on to reference multiple scholarly articles about gang databases employing similar point systems that showed that these systems "cast too wide a net" and included people who were not involved in gangs. The articles found that people living in "gang

heavy communities" were more likely to be falsely included in gang databases and this resulted in "overstating minority participation." *Id.* at 37.

   Without reliable evidence of gang involvement, the Government should not be asserting that Gaines is a gang member. In this case, where gang membership is irrelevant, it amounts to nothing more than unsubstantiated bad character evidence. Gaines asks that the Court limit its sentencing determination to reliable and relevant evidence and argument.

                 Respectfully submitted,
                  Attorney for RAYMOND GAINES,

                  */s/Keren Goldenberg*
                  Keren Goldenberg
                  BBO #657629
                  19A Alexander Ave.
                  Belmont, MA  02478
                  (617) 431-2701
                  keren@kgdefenselaw.com

Date: February 9, 2022

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, February 9, 2022.

                                                  */s/Keren Goldenberg*
                                                Keren Goldenberg