UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | Criminal Action No. |
| v. ) | 21-10348-FDS |
| ) | |
| RAYMOND GAINES, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S
### MOTION FOR COMPASSIONATE RELEASE PURUSANT TO 18 U.S.C. § 3582

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On January 25, 2022, defendant Raymond Gaines pleaded guilty to an information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). On February 10, 2022, he was sentenced to 30 months of imprisonment as to Counts 1 and 2 to be served concurrently, and 60 months consecutively as to Count 3. (Docket No. 48).

Previously, in 2018, defendant was sentenced to one year and one day of imprisonment, followed by six years of supervised release, for distribution of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860. On May 28, 2021, while on supervised release from that sentence, he was arrested for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On July 27, 2021, he stipulated to his supervised release violations and was sentenced to a fifteen-month term of incarceration.

On April 12, 2022, two months after his sentencing in this matter, defendant filed a

motion for compassionate release, alleging that Plymouth County Correctional Facility "failed to accommodate his disability and medical needs." (Docket No. 54 at 1).[1] On June 6, 2022, he was transferred to the Federal Medical Center at Devens, and the Court denied the motion as moot. (*See* Docket No. 58, 61). On June 9, 2023, he filed the present motion for compassionate release.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after exhausting his administrative rights to appeal the failure of the Bureau of Prisons to bring such motion or the lapse of 30 days from submitting a request to the warden of his facility, whichever is earlier, a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Here, there is a substantial question as to whether defendant has demonstrated that he has exhausted his administrative rights with the warden at FMC Devens. Although he contends that he "submitted a written request to the warden" that has not yet been addressed, it appears as though the request was submitted on April 9, 2023, while he was still at the Plymouth County Correctional Facility. (Docket No. 63 at 2; *see also* Docket No. 59, Ex. B at 19). Moreover, the request is somewhat ambiguous as to whether defendant was requesting compassionate release or simply seeking additional information about the criteria required to move for compassionate release. (*See* Docket No. 59, Ex. B at 19). Nevertheless, defendant asserts that no one at FMC Devens has "addressed his request properly," and asks the court to consider his motion for compassionate release "ripe for judicia[l] review under the circumstances." (Docket No. 63 at

---

[1] The Court denied that motion as moot on June 4, 2023.

2).

It thus appears that the Court may deny the motion for failure to exhaust administrative remedies.  Nonetheless, even assuming that the requirements of § 3582(c)(1)(A) have been satisfied, this Court will deny the motion on the merits.

In deciding whether to reduce a sentence under § 3582, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).  The applicable policy statement, U.S. Sentencing Guidelines § 1B1.13, clarifies that "extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons.  *See* U.S.S.G. § 1B1.13; Bureau of Prisons Program Statement 5050.50 (2019).  It also states that a court must find that "the defendant is not a danger to the safety of any other person or to the community" in order to grant compassionate release.  U.S.S.G. § 1B1.13.

Defendant contends that he is "suffering more than the average inmate" and has experienced "high level[s] of medical deprivation."  (Docket No. 59 at 1-2).  He asserts that the "correctional facility environment simply does not provide the safe and sanitary conditions required to manage petitioner's conditions, nor the necessary access to care and the monitoring that his conditions require."  *Id.* at 3.  Furthermore, he asserts that it is "realistic" to assume that "if he is not placed in a safe, clean environment he will surely die from exposure to bacteria."  *Id.* at 7.

According to the Sentencing Guidelines, a medical condition qualifies as an "extraordinary and compelling" reason for release if it is a "serious physical or medical condition," a "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" that is severe enough to "substantially diminish[ ] the ability

3

of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  The record here does not demonstrate circumstances that rise to the level of "extraordinary and compelling" reasons for release.  First, the Court was aware of defendant's physical condition at the time of his sentencing and still determined that the sentence imposed was warranted.  Second, it appears that contrary to defendant's assertions, he *is* receiving substantial medical care.  Records submitted by defendant indicate that he has received treatment from FMC Devens medical personnel as well as additional care through trips to UMass Memorial Medical Center and Beth Israel Deaconess Medical Center.  (*See* Docket No. 59, Ex. A).  Defendant himself also notes that he is taking a "regimen of powerful pic-line antibiotics—I.V. drips" to address his alleged infections.  (Docket No. 59 at 5).

      Defendant further contends that "extraordinary and compelling" family circumstances necessitate his immediate release:  specifically, his desire to be present for a mother figure who has been diagnosed with cancer and might be nearing the end of her life.  He notes that "there is no one else available that can care or comfort her." (Docket No. 63 at 3).  The Sentencing Guidelines recognize "the death or incapacitation of the caregiver of the defendant's minor child or minor children" and "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" as extraordinary or compelling family circumstances justifying release. U.S.S.G. § 1B1.13 cmt. n.1(C).  The Guidelines do not include the care of parents or parental figures in this category.  *Id.* Defendant's desire to care for someone important to him, while commendable, does not qualify as an extraordinary and compelling family circumstance as contemplated by the relevant policy statements of the Sentencing Commission.

      Finally, the sentencing factors set forth in 18 U.S.C. §3553(a), including the nature and

circumstances of the offense and the history and characteristics of the defendant, also do not favor release.  Defendant has repeatedly engaged drug trafficking, selling significant quantities of crack cocaine while possessing dangerous firearms.  These sales occurred while he was already on federal supervised released for the same behavior.  As the government wrote in its sentencing memorandum on February 8, 2022, defendant "obviously did not get [the] message from the previous federal sentence imposed in 2018, nor did he get it from his repeated violations, and eventual re-incarceration, with his conditions of supervised release."  (Docket No. 43 at 1).  Although he reports that "[h]e has become . . . a model human being" and "bitterly regret[s] . . . the harm that his crimes caused to others," nothing in the intervening years has diminished the seriousness of his offense or the nature of his criminal history, and nothing in the record suggests that releasing him early from his prison term is appropriate.  (Docket No. 59 at 1).  Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal conduct. 18 U.S.C. § 3533.

      For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.  Defendant's motion to appoint counsel is DENIED as moot.

**So Ordered.**

Dated:  October 31, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court